Gouchenour *v.* The Sullivan Building and Loan Association.

Judgment reversed.

Filed May 16, 1889; petition for a rehearing overruled June 21, 1889.

---

❀ No. 13,797.

GOUCHENOUR *v.* THE SULLIVAN BUILDING AND LOAN ASSOCIATION.

BUILDING ASSOCIATION.—*Fines.*—*Construction of By-Laws.*—The by-laws of a building and loan association provided that upon the failure of a member to pay certain monthly dues, he should be fined for the first week five cents, for the second five cents, for the third ten cents, and for the fourth and each succeeding week fifteen cents, for each share of stock owned by him. It was also provided that a fine of ten cents should be assessed each month on each share of stock for a failure to pay the monthly instalments of interest.

*Held,* that, no matter how long a delinquency continues, the highest fine assessable is fifteen cents per week for failing to pay dues, and ten cents per month for failing to pay interest.

From the Sullivan Circuit Court.

*J. T. Hays, H. J. Hays* and *J. S. Bays,* for appellant.

*J. C. Briggs, I. H. Kalley* and *A. A. Holmes,* for appellee.

OLDS, J.—The appellant filed his complaint in this action to enjoin appellee from foreclosing a certain mortgage given by appellant as a member of the Sullivan Building and Loan Association to secure a loan, to quiet title to certain stock in said association owned by appellant, and to prevent the col-lection of certain charges.

Appellee filed a demurrer to the complaint, which was sustained, and a judgment rendered for appellee on demurrer. Appellant reserved an exception, and assigns such ruling as error.

The question presented is as to the construction of the by--laws of the appellee, and the right of the appellee to charge and collect the fines and penalties charged and claimed by it. Section 1 of article 8 of the appellee's by-laws reads : " Each stockholder, for each and every share of stock owned or controlled by him or her, shall pay into the treasury, in lawful money, on or before the 7th day of March, 1883, and on or before the 7th day of each month thereafter, the sum of one dollar and ten cents for, each share of stock so owned."

Section 2 of said article 8 reads : " Should any member fail to pay these monthly instalments punctually when the same shall become due, he shall be fined, for the first week five cents, for the second week five cents, for the third week ten cents, for the fourth and each succeeding week fifteen cents, for each share of stock he owns. Should any instalment, fine, or dues of any kind whatever, except those for which provision is hereinafter made, remain unpaid for a period of three months, all the shares of stock upon which such delinquency exists shall be forfeited to the associa-tion."

Section 3 of article 8 provides for a fine of ten cents for each month on each share for failure to pay the monthly in-stalments of interest.

It is contended by counsel for appellee that, upon failure to pay the dues for one month, the fines commence run-

ning against each share of stock at the rate of five cents each for the first and second weeks, ten cents for the third week, and fifteen cents for each week thereafter; and that, on the failure to pay the dues for the second month, duplicate fines run against the stock, and so on, increasing with every month's delinquency, and that the fines accumulate in like manner for failure to pay the monthly instalments of interest on a loan procured of the association. On the other hand, it is contended by counsel for appellant that the highest fine that can be assessed against any one share of stock for failure to pay dues is fifteen cents per week, and it matters not whether there be one month's dues or more unpaid, there can be but fifteen cents per week assessed against a share of stock; and that there can only be ten cents assessed against each share of stock each month for failure to pay monthly instalments of interest. We think the appellant's construction of the by-laws the proper one. By section 2, article 8, the fine is assessed for each share of stock upon which the dues remain unpaid, and it provides that if the "member fail to pay these monthly instalments" he shall be fined. We think it clear that the language used only contemplates one fine for each week for each share of stock, whether there be one or more instalments of dues unpaid, and the same construction must be placed upon the section providing for a fine for the non-payment of interest. It would be unreasonable to adopt any other theory of construction. It may be very questionable whether or not there can be more than one fine assessed for the delinquency in the payment of one instalment of dues on a share of stock; but that question is not presented in this case, as the fines properly assessable under the by-laws of the appellee, even allowing four separate fines to be assessed, for the first delinquency had been paid. *Hagerman* v. *Ohio Building, etc., Ass'n,* 25 Ohio St. 186; *Lynn* v. *Freemansburg Building, etc., Ass'n,* 117 Pa. St. 1.

From the conclusion we have reached as to the amount of

fines assessable under the by-laws of the appellee, it follows that the court erred in sustaining the demurrer to the complaint.

Judgment reversed, at costs of appellee, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Filed June 21, 1889.